IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUNCAN J. McNEIL, III                                                                          PLAINTIFF

      v.                                    Civil No. 06-2013

UNITED STATES OF AMERICA,
and Its Officers and Agencies; ALL KNOWN
OR UNKNOWN JUDGMENT DEBTORS
WITH PROPERTY IN THIS DISTRICT,
fictitiously named as
Doe 1 to Doe 500                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Duncan J. McNeil, III, filed this pro se action on January 30, 2006. The case was filed nunc pro tunc to January 16, 2006. McNeil's *in forma pauperis* (IFP) application is before the undersigned for a determination of whether it should be granted. The case is also before the undersigned for a determination of whether it should be served upon the defendants.

### I. Background

McNeil submitted a number of pages of material that he has numbered as two documents. The first document begins with the IFP application and is numbered pages one through forty. The pages consists of a variety of documents. The second document begins with a petition and is numbered from page one to page nineteen.

The IFP application reflects that McNeil is currently incarcerated in the Spokane County Jail, Spokane, Washington. He alleges his incarceration is as a "'civil detainee' under void civil orders." *IFP Application*, *Page 1 of 40.*

McNeil indicates he is a judgment creditor who has been victim of numerous non-judicial acts including the unlawful issuance of: vexations litigant orders; pre-filing orders or orders restricting access to the courts; sua sponte dismissal orders; and three strike orders pursuant to 28 U.S.C. § 1915. *Page 5 of 40.* McNeil contends all such denial of access orders (referred to as DOA orders) are void ab initio, entered in violation of due process, in violation of various Bankruptcy laws, and without giving full faith and credit to foreign judgments. *Pages 5-7 of 40.* He also maintains these orders have denied him his fundamental right of access to the courts. *Page 9 of 40.*

McNeil maintains he was acting as a court appointed fiduciary and arm of the courts as an officer of the United States pursuant to 11 U.S.C. § 1123(b)(3)(B) and as the transferee of, or successor in interest of, the reorganized debtor and the debtor's estate. *Page 7 of 40.* McNeil indicates he has been appointed disbursing agent, liquidating trustee, and general manager for reorganized debtor Broadway Buildings, II, L.P. *Page 23 of 40.*

McNeil alleges he is a disabled person and has been the victim of discrimination and retaliation by the United States, the State of Washington, and the City of Spokane. He maintains he has been retaliated against for exercising his court appointed duties. *Page 23 of 40.* He alleges he has been unlawfully arrested and incarcerated and invalid criminal convictions have been obtained against him. *Page 25 of 40.*

In the second document that begins with a petition and request to the clerk, McNeil alleges he is the lawful owner of the attached foreign judgments consisting of a confirmed Chapter 11 reorganization plan, a discharge and discharge injunction, along with all other documents, contracts, and judgments confirmed together, or taken together to form a single

AO72A
(Rev. 8/82)

contract or judgment. *Page 2 of 19.* He indicates he has been charged with the duty of executing and enforcing the judgments in this district. *Page 3 of 19.*

McNeil alleges he is presently unlawfully incarcerated as a "civil detainee." *Page 3 of 19.* He maintains his incarceration is designed to interfere with the execution and enforcement of the foreign judgments. *Pages 3 & 4 of 19.* He asks that the foreign judgments be registered and writs of execution issue. *Page 7 of 19.*

He maintains he is the owner and trustee of a stipulated judgment entered on January 30, 2001, in the United States District Court for the Eastern District of Washington, in Duncan J. McNeil v. David Baker, et al., Case No. 97-435. *Pages 12-17 of 19.* The document is entitled a "stipulated order re: liability and damages" and reflects an agreement between McNeil as plaintiff, and the Citizens Against Bankruptcy & Real Estate Fraud, L.P., as counter-claimants, that McNeil is owed the sum of $319,132.00 for services rendered from the time period of June of 1996 to October 1, 2000.

According to the stipulated facts set forth in the order, McNeil was employed in June of 1996 by the Citizens Against Bankruptcy & Real Estate Fraud, L.P. He performed services related to the preservation and implementation of the JV/Loan Agreement and the confirmation and implementation of Broadway's Confirmed Plan of Reorganization and a number of other duties.

The stipulated order was entered on January 30, 2001, by United States District Judge, Robert H. Whaley. Page twelve purports to be a certification of a judgment for registration in another district dated March 15, 2002.

-3-

AO72A
(Rev. 8/82)

He asserts this court has jurisdiction pursuant to 28 U.S.C. § 1963, the Full Faith and Credit Clause of the United States Constitution Art. IV § 1, the statute requiring federal courts to give full faith and credit to state court judgments, 28 U.S.C. § 1738, the statute giving district courts jurisdiction over nonresident defendants in suits to enforce liens on property in the district, 28 U.S.C. § 1655, and the Uniform Enforcement of Foreign Judgments Act, Ark. Code Ann. §§ 16-66-601 to 16-66-608 (Supp. 2001).

## II. Discussion

We conclude McNeil is not eligible for IFP status. As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In this case, in an effort to avoid application of the "three strikes rule" McNeil has alleged he is a "civil detainee" not a prisoner. We find this argument to be without merit. The term "prisoner" is defined to mean: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). McNeil is detained at the Spokane County Jail and he has alleged his incarceration is pursuant to criminal convictions. Clearly, he is a prisoner as defined by the PLRA.

McNeil argues the three strikes provision does not apply to him because his numerous cases that have been dismissed as frivolous are on appeal. He therefore contends the numerous dismissals cannot be counted as strikes against him.

McNeil has filed complaints "in up to 70 different judicial districts throughout the nation." *McNeil v. United States,* No. CV-05-211, 2005 WL 1915842 (E.D. Wash. Aug. 9, 2005). He has been noted to be a "seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." *Id.* In fact to attest to McNeil's history of vexations litigation, the Eastern District of Washington had a copy of its order of dismissal "sent to the District Executive of every judicial district in the country so as to notify those courts of plaintiff's vexatiousness and encourage *sua sponte* dismissal of his complaints." *Id.* The court

AO72A
(Rev. 8/82)

also noted that "[p]rior to [the] recent deluge of filings in other judicial districts, plaintiff received 'three strikes' in this district under 28 U.S.C. § 1915." *Id.*

McNeil has had any number of cases dismissed as frivolous. *See e.g., McNeil v. United States*, 395 F. Supp. 2d 848 (D. Neb. 2005); *McNeil v. United States*, No. 05-1251, 2005 WL 2266089 (M.D. Pa. Sept. 16, 2005); *McNeil v. United States*, No. 05-114, 2005 WL 2099902 (D. Me. June 24, 2005). Additionally, McNeil has been denied IFP status based on the three strikes rule on a number of occasions. *See e.g., McNeil v. United States*, No. 05-0773, 2005 WL 3088698 (N.D.N.Y. Nov. 17, 2005); *McNeil v. United States*, No. 05-400, 2005 WL 2237683 (W.D. Wis. Sept. 12. 2005); *McNeil v. United States*, No. 05-1006, 2005 WL 2136911 (D. Conn. Aug. 26, 2005); *McNeil v. United States*, No. 05-1284, 2005 WL 1521485 (N.D. Tex. June 28, 2005).

In this case, in an effort to avoid application of the "three strikes rule" McNeil has alleged that he does not have three strikes because he has appealed each order of dismissal and the dismissals therefore cannot be counted as strikes. The dispositions of both the complaint and the appeal can constitute strikes under § 1915(g). *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997). However, some courts hold that a dismissal should not be counted as a strike before a litigant has exhausted or waived his opportunity to appeal. *See e.g. Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 779 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Other courts hold that the statutory language states it is a strike if the prisoner has brought an action or an appeal that has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be stated and thus a dismissal counts as a strike when the district court order is entered. *Robinson v. Powerll*, 297

AO72A
(Rev. 8/82)

F.3d 540 (7th Cir. 2002). The Eighth Circuit does not appear to have addressed this precise point.

In either event, McNeil has had at least three previous actions that qualify as strikes against him under section 1915(g). *McNeil v. United States*, No. 05-379 (N.D. Ind.)(case dismissed as frivolous on 8/30/2005 & appeal dismissed 12/19/2005 for failure to pay filing fee); *McNeil v. Gregoire, et al.*, Civil No. 04-372 (E.D. Wash.) (dismissed as frivolous on 11/9/2004 & appeal on consolidated case (04-371) dismissed for failure to pay the filing fee) *McNeil v. Whaley*, 04-371 (E.D. Wash.)(dismissed as frivolous on 11/9/2004 & appeal dismissed on 8/1/2005 for failure to pay the filing fee).

Additionally, in several other cases McNeil has been denied IFP status and the cases have been dismissed when McNeil failed to tender the filing fee after he was denied in forma pauperis (IFP) status. *See e.g., McNeil v. United States.*, Civil No. 05-897 (M.D. La.)(IFP status denied 7/6/2005 and case dismissed for failure to tender the filing fee on 8/4/2005); *McNeil v. United States, et al.,* Civil No. 05-368 (N.D. Okla.)(IFP status denied 7/15/2005 and case dismissed for failure to tender the filing fee on 8/15/2005). In at least one case, McNeil has been denied IFP status and the case summarily dismissed based on his failure to advise the court that he has "struck out." *See McNeil v. United States*, *et al.,* Civil No. 05-3592 (N.D. Ill.) (IFP status denied and case dismissed 6/30/2005). He has also had cases dismissed by virtue of the application of the three strikes rule. *See e.g., McNeil v. United States*, No. 05-4101 (D.S.D.)(dismissed Sept. 23, 2005, based on the three strikes rule).

Therefore, McNeil is not eligible for IFP status. However, having brought this action, McNeil remains obligated to pay the full filing fee of $250. *See* 28 U.S.C. § 1915(b)(1).

-7-

This case also is subject to dismissal because it is frivolous. First, a *Bivens* claim cannot be brought against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Thus, the defendants cannot be sued for the alleged constitutional violations.

Second, this court does not have jurisdiction by virtue of the existence of diversity of citizenship. The United States and its agencies are not citizens for diversity purposes and cannot be sued in diversity. *See e.g., Texas v. ICC*, 258 U.S. 158, 160, 42 S. Ct. 261, 66 L. Ed. 2d 531 (1922); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

Third, the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Thus, defendants are not subject to suit under the general common law or under any statute that does not contain a wavier of sovereign immunity.

Fourth, the proper way to register a judgment obtained in another this district is by utilizing 28 U.S.C. § 1963. This statute allows a litigant who has obtained a valid judgment who wants to recover money or property in another district to register the judgment by filing a certified copy of the judgment in the district where the money or property is. Once registered in this district, the judgment has the same effect as if the judgment were entered in this district. *See e.g., Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001); *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965).

In this case, the document referred to by the plaintiff as a judgment is merely a stipulated order regarding liability and damages. *Page 13 of 19.* (Doc. 567 in *McNeil v. Baker*, No. 97-435

(E.D. Wash)). The court denied McNeil's request for entry of a stipulated final judgment. *See Attached Exhibit* A (Doc. 584 in *McNeil v. Baker*, No. 97-435). As no judgment exists, it cannot be registered. Furthermore, as no foreign judgment has been registered, McNeil's alleged judgment is not entitled to Full Faith and Credit as he avers.

Fifth, to the extent McNeil challenges his incarceration and conviction, his claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that claims for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. *See also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996)(collecting cases applying *Heck* to actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)(a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* action).

### III. Conclusion

I therefore recommend that:

(1) McNeil's application to proceed IFP status be denied on the grounds he has more than three strikes under the Prison Litigation Reform Act;

(2) McNeil's claims be dismissed on the grounds the claims are frivolous and fail to state claims upon which relief may be granted; and

AO72A
(Rev. 8/82)

(3) the clerk be directed to collect the $250 filing fee pursuant to the Prison Litigation Reform Act.

**McNeil has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McNeil is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of January 2006.

                                            /s/ Beverly Stites Jones
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)